*William H. Beck, solicitor,* contra.

---

### 1896.    HANJARAS *v.* CITY OF ATLANTA.

The evidence adduced on the part of the prosecution being wholly circumstantial and dependent in part on hearsay (and, therefore, to that extent, of no probative value), and all of the circumstances upon which the conviction of the defendant is based being as compatible with the theory of his innocence as with the conclusion of his guilt, the judgment finding him guilty is unsupported by the evidence and is contrary to law. The rule that where circumstantial evidence alone is relied on, the circumstances must not only suffice to show the defendant's guilt, but also be inconsistent with the supposition of his innocence, applies as well to a municipal court sitting as a jury as to juries' generally.

Certiorari, from Fulton superior court—Judge Ellis.    May 25, 1909.

Argued July 14,—Decided July 31, 1909.

*Hudson Moore, W. W. Hood,* for plaintiff in error.

*W. P. Hill, J. L. Mayson,* contra.

RUSSELL, J.    The plaintiff in error was convicted in the recorder's court of the City of Atlanta of the offense of keeping intoxicating liquors on hand for unlawful sale. His certiorari to the superior court, which was overruled, raises the point that his conviction was contrary to law and without evidence to support it. The circumstances relied upon to show guilt were, that one Jim Brown was seen to come out of the defendant's room with a quart bottle of brandy; that a short time prior thereto Brown had been given $1.50 with which to buy liquor, by two witnesses, one of whom was an officer, who arrested Brown as he came out of the defendant's room, and took from him the quart of brandy. This officer testified that the money which had been given Brown to purchase the liquor was marked, and that he searched the person

of the defendant and also his cash register, but failed to find the marked money. A search of the defendant's bedroom disclosed seven quart bottles of whisky and fifteen pint bottles, and also some empty bottles and glasses. The bedroom was on the second story of the building in which the defendant's place of business was located on the first floor. The officer who arrested Brown as he came out of the defendant's bedroom testified that Brown said then that he had paid the defendant $1.50 for the brandy in question. Another witness testified that prior to the occasion just mentioned, he saw the defendant leave his pool-room on the first floor and go up to his bedroom in two or more instances, in company with others, and that they stayed in the bedroom about five minutes. This was the evidence for the city. The defendant stated that he gave Brown the pint of brandy on the representation that his (the defendant's) brother was sick and wanted some whisky. Brown testified, that he went to the defendant and told him that his brother was sick and sent him for some whisky; that the defendant gave him the whisky; that he did not pay the defendant anything for it; and that he did not tell the officer who arrested him that he had paid for it. He also denied that he had been given money for the purpose of buying liquor from the defendant.

The statement alleged to have been made by Brown when he was arrested was hearsay, and was inadmissible in a prosecution against the defendant, and therefore it possesses no probative value. *East-lick* v. *Southern Ry. Co.*, 116 *Ga.* 48 (42 S. E. 439) ; *Suttles* v. *Sewell*, 117 *Ga.* 216 (43 S. E. 486). The only circumstances indicating the defendant's guilt, therefore, are, that Brown was given $1.50 by the officers for the purpose of buying intoxicating· liquor; that he was seen shortly afterwards to come from the bedroom of the defendant with a quart bottle of brandy; and that on other occasions the defendant was seen to go to his bedroom in company with other parties and remain about five minutes. These circumstances are sufficient to raise a strong suspicion of the defendant's guilt, but are they not equally consistent with his innocence? We do not think that the circumstance that a "stool-pigeon" engaged himself to the officers of the law to obtain evidence of the defendant's guilt, and the fact that he obtained $1.50 for that purpose, when there is no evidence that the brandy was bought or paid for,.

but, on the contrary, there is strong direct evidence that it was not paid for, and in fact was not bought at all, is sufficient to exclude every reasonable hypothesis save that of the guilt of the defendant. Even if a sale had been directly proved, that would have been a mere circumstance authorizing the inference that the defendant had violated the ordinance under which he was being prosecuted. The evidence that the brandy in question was given by the defendant to Brown to be given to his sick brother is undisputed, and it can not be arbitrarily assumed to be false, and, in fact, is just as reasonable as the supposition—based solely on circumstantial evidence in conflict with this positive testimony— that the defendant was paid for the whisky. If the two theories are equally reasonable, the presumption of innocence must prevail. "To warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." Penal Code, § 984. The defendant may or he may not be guilty, but if guilty, the city has failed to prove it. The circumstances adduced raise merely a strong suspicion of guilt, and do not exclude every other reasonable hypothesis save that of his guilt. See *Hollingsworth* v. *Atlanta*, 79 *Ga.* 503 (5 S. E. 37).

    *Judgment reversed. Powell, J., concurs dubitante.*