### 4016.   DOUGLAS NAVAL STORES COMPANY *v.* GEORGIA FERTILIZER & OIL COMPANY.

Where a suit on a promissory note is brought against a partnership composed of two members, it is no defense that one of the partners used the funds of a new partnership, formed after the note was given and composed of the two partners and four others, in settlement of an individual debt due the plaintiff by one of the original partners. The question of the misappropriation of the partnership assets can be raised only by the new firm, it not appearing that it assumed the liabilities and took over the assets of the old partnership.

DECIDED MAY 7, 1912.

Complaint; from city court of Douglas—Judge Lankford. December 22, 1911.

*F. Willis Dart, Lawson Kelley, C. A. Ward,* for plaintiffs in error.
*J. W. Quincey,* contra.

Pottle, J. The Douglas Naval Stores Company was a copartnership composed of A. B. Fisher and C. A. Ward. The suit is against the partnership for a balance due on a promissory note given to the plaintiff for guano. The defense was that the note had been overpaid, and judgment was prayed for the amount of the overpayment.

It appears, from the evidence, that after the note was given, a partnership was organized, composed of A. B. Fisher, C. A. Ward, and four other persons, under the name and style of A. B. Fisher & Company. Fisher owed the plaintiff an individual note for fertilizer, and gave to plaintiff's agent a draft signed A. B. Fisher & Company and drawn against that firm's account with the Downing Company, a naval-stores factor with which the drawer had an account. There was testimony for the plaintiff that the draft was given by Fisher in settlement of the balance due on his individual note, and that it was so applied, while Fisher testified that he directed that the draft be applied on the note due by the Douglas Naval Stores Company. There was further evidence that the firm of A. B. Fisher & Company did not authorize Fisher to use the funds of that partnership in settlement of his individual debt. Fisher also testified that "A. B. Fisher & Company was the successor of the Douglas Naval Stores Company, the name having been changed to A. B. Fisher & Company." The plaintiff prevailed, and the defendants' motion for a new trial was overruled.

The point made in behalf of the defendants is that the plaintiff was not entitled to prevail, because, even if the testimony of the plaintiff's agent that Fisher authorized the application of the proceeds of the draft to his individual debt be accepted as true, yet it appeared, from the evidence, that the new partnership of A. B. Fisher & Company did not authorize Fisher to use its funds in payment of his individual debt. It is undoubtedly true that one partner can not, without the consent of his copartners, use the partnership funds in settlement of his individual debt. *Wise* v. *Copley,* 36 *Ga.* 508; *Harper* v. *Wrigley,* 48 *Ga.* 496. But this principle has no application to the facts here. The money used to

pay Fisher's individual debt was the property of A. B. Fisher & Company. They are not parties to the case. If they are not complaining of the misappropriation by Fisher of their assets, it certainly does not lie in the mouth of the Douglas Naval Stores Company to do so. Whether A. B. Fisher & Company might recover the money from the plaintiff, upon the ground that, with knowledge of the source from which the money came, it consented to the misappropriation, or whether the plaintiff had a right to assume that Fisher had lawfully acquired title to the fund paid on his individual debt, and the only remedy of A. B. Fisher & Company would be against Fisher, we do not say, but we are clear that this is a matter which does not concern the present defendant.

Fisher's statement that the new firm was the successor of the defendants does not affect the question. There is no proof that the new firm took over the assets and assumed the liabilities of the old. "An incoming partner is not bound for the old debts of the firm in the absence of an express agreement, on sufficient consideration, to assume the old indebtedness." Civil Code (1910), § 3174. The case is simply one where a firm composed of two members was dissolved, and a new firm under a different name organized with six members, including the two original copartners. The two firms were as separate and distinct as two individuals. The only issue properly in the case was whether Fisher had directed that the proceeds of the draft be applied on the note due by the defendants; and this issue having been settled against them, the verdict will not be disturbed.          *Judgment affirmed.*