### 5857. ANDREWS v. CITY OF ATLANTA.

RUSSELL, C. J. 1. "Under the decision of the Supreme Court in the case of *Loeb* v. *Jennings,* 133 *Ga.* 796 (67 S. E. 101, 18 Ann. Cas. 376), and cases therein cited, it was within the discretion of the recorder's court of the City of Atlanta to impose a sentence of not exceeding 30 days upon the public works of the city without allowing the accused the privilege of paying a fine." *Jones* v. *Atlanta,* 14 *Ga. App.* 540 (82 S. E. 697).

2. In a prosecution for the violation of a municipal ordinance against keeping intoxicating liquors for the purpose of unlawful sale, the purpose of the keeping is the chief ingredient of the municipal offense. Although the intoxicating liquors be unlawfully kept so far as the State law is concerned, the municipal law is not violated unless they be kept for the purpose of unlawful sale, and that purpose must appear beyond reasonable doubt from the evidence. *Chester* v. *Atlanta,* 7 *Ga. App.* 587-598 (69 S. E. 688). "The evidence adduced on the part of the prosecution being wholly circumstantial and dependent in part on hearsay (and therefore, to that extent, of no probative value), and all the circumstances upon which the conviction of the defendant is based being as compatible with the theory of his innocence as with the conclusion of his guilt, the judgment finding him guilty is unsupported by the evidence and is contrary to law. The rule that where circumstantial evidence alone is relied on, the circumstances must not only suffice to show the defendant's guilt, but also be inconsistent with the supposition of his innocence, applies as well to a municipal court sitting as a jury as to juries generally." *Hanjaras* v. *Atlanta,* 6 *Ga. App.* 575 (65 S. E. 356). *Judgment reversed. Broyles, J., not presiding.*
DECIDED NOVEMBER 17, 1914.

Certiorari; from Fulton superior court—Judge Pendleton. May 26, 1914.

*John A. Boykin,* for plaintiff in error.
*J. L. Mayson, W. D. Ellis Jr.,* contra.