7205.  PORTER v. MAYOR AND COUNCIL OF ATHENS.

RUSSELL, C. J.  1. (a) The fact that intoxicating liquor is kept for the purpose of unlawful barter or sale may be evidenced otherwise than by proof that a sale was actually made. *Johnson* v. *Waycross*, 9 *Ga. App.* 205 (70 S. E. 965); *Butler* v. *Washington*, 11 *Ga. App.* 130 (74 S. E. 858)'; *Brown* v. *Atlanta*, 11 *Ga. App.* 755 (76 S. E. 72); *Meeks* v. *Carrollton*, 13 *Ga. App.* 79 (78 S. E. 777).

(b) The violation of a municipal ordinance penalizing the keeping of intoxicants for the purpose of unlawful sale may be shown by proof of a single sale. The sale raises such a presumption that the liquor sold was kept for the purpose of illegal sale as furnishes conclusive evidence of the defendant's guilt under the ordinance, unless rebutted by evidence which satisfactorily establishes that the liquor was kept for some different purpose. *Everett* v. *Vidalia*, 14 *Ga. App.* 664 (82 S. E. 50).

(c) The cautionary rules applicable in the consideration of circumstantial evidence apply as well to a municipal court exercising the functions of a jury as to juries (*Hanjaras* v. *Atlanta*, 6 *Ga. App.* 575, 65 S. E. 356), but "the receipt of intoxicating liquor in such unusual quantities as to render it improbable that these liquors were intended for legitimate use is a circumstance to be considered by the jury, with other facts and circumstances in the case, in determining whether there is any other reasonable hypothesis than that of the defendant's guilt." *Dunn* v. *State*, ante, 95 (89 S. E. 170).

2. There are circumstances in proof in the present case which strongly indicate a sale of intoxicating liquor by the accused, and the evidence that he used three other persons who were witnesses as the medium through which unusually large quantities of intoxicating liquors were ordered in a comparatively limited period of time, as well as his apparently stealthy and secretive conduct, which might have authorized the inference of his guilt and the exclusion of any other reasonable hypothesis; and where the only ground of the petition for certiorari that is insisted upon is that the judgment was contrary to evidence and without evidence to support it, and it appears, from the fact that the certiorari was overruled, that the judge of the superior court held that the evidence was sufficient, and the record here discloses that there was some evidence to support the finding, this court will not consider the exception addressed to the sufficiency of the evidence. *Daniel* v. *Mayor of Carrollton*, ante, 109 (88 S. E. 912).          *Judgment affirmed.*

DECIDED JUNE 1, 1916.

Certiorari; from Clarke superior court—Judge Brand. December 29, 1915.

*Young Davis,* for plaintiff in error. *Jerome Michael,* contra.