## 49625. BANKS v. THE STATE.

CLARK, Judge.

Appellant's *tsoriss*[1] stemmed from the finding of a letter bearing her name in a bag of garbage which had been dumped on Poston Road. This was the only incriminating circumstance which the state was able to produce in obtaining a conviction of defendant for violation of the Public Nuisance Act of Clayton County, Georgia. The sole prosecution witness in this non-jury trial was an employee from the county's Refuse Control Department who testified that "this was the procedure of the Refuse Control personnel to-wit, to inspect garbage that has been dumped in various places, and to issue a citation to persons determined to be the owner by the aforementioned procedure." (R. 19).

The defendant's testimony contained in an approved stipulation of evidence prepared in conformance with Code Ann. § 6-805 (g) recites: "The defendant Dorothy L.

---

[1] A Yiddish word translated as "trouble" and often accompanied by the age-old lamentation of "oy vay!"

Banks testified that she was not aware of the location of Poston Road, and that her working hours were from 4:00 a.m. in the morning until 4:00 p.m. in the afternoon, and on two days of the week from 8:00 a.m. in the morning until 4:00 p.m. in the afternoon. The defendant further testified that she has never handled her own garbage collection, but in fact it was handled by her son.

"The defendant denied ever having dumped garbage on Poston Road and to her knowledge did not know of anyone who might have dumped any garbage belonging to her on Poston Road." (R. 19, 20).

"Where, as here, a conviction depends upon circumstantial evidence alone, it must be such as to exclude every other reasonable hypothesis save that of the guilt of the accused. Code § 38-109. Also, the facts upon which it is relied to convict the defendant must be such as are not consistent with innocence." *Goss v. State,* 82 Ga. App. 533, 534 (2) (61 SE2d 570). It is not enough that the evidence relied upon is sufficient to raise a suspicion of guilt. *Mathis v. State,* 10 Ga. App. 77 (72 SE 526). This rule applies as well to a trial judge sitting as a jury as to juries generally. *Hanjaras v. City of Atlanta,* 6 Ga. App. 575 (65 SE 356).

The circumstantial evidence presented below is not such as to exclude every reasonable hypothesis except guilt and an acquittal is demanded.

Literary license allows an avid alliterationist authority to postulate parenthetically that the predominating principles presented here may be summarized thusly: Preventing public pollution permits promiscuous perusal of personalty but persistent perspicacious patron persuasively provided pertinent perdurable preponderating presumption precedent preventing prison.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

Submitted September 9, 1974 — Decided October 4, 1974.

*James W. Studdard,* for appellant.