70933. SOUTHERN INTERMODAL LOGISTICS, INC.
et al. v. COLEMAN et al.
(334 SE2d 888)

BANKE, Chief Judge.

The appellee sued to recover damages for injuries she sustained when her motorcycle collided with a parked tractor-trailer which was owned, leased, and insured, respectively, by the three appellants herein. Also named as defendants, in addition to the appellants, are Globe Oil Company, as the owner of a Starvin Marvin Gasoline Station and Food Store where the collision took place and Lazono Thomas, as the operator of a third vehicle involved in the collision. The appellee obtained a jury verdict against all the defendants; however, only the owner, lessor, and insurer of the tractor-trailer appeal.

The incident occurred on Dean Forest Road in Chatham County at a point adjacent to the Starvin Marvin Gas Station. The road was described as being a 5-lane thoroughfare with two lanes for northbound travel, two for southbound travel, and a turning lane in the center. Immediately prior to the collision, Lazono Thomas was in the process of exiting the gas station preparatory to making a left turn onto one of the southbound lanes of Dean Forest. He testified that his view of southbound traffic was obscured by the tractor-trailer, which had been left unattended in the center or passing lane, and that his view of northbound traffic was obscured by promotional signs and flags placed on the right-of-way by Globe Oil Company. The appellee was proceeding northbound on Dean Forest at this time. She testified that her view ahead was also obscured by the signs and flags and that, when she saw the Thomas vehicle pull out in front of her, she moved to the left to avoid it but was unable to move over far enough to avoid a collision because of the presence of the parked tractor-trailer. After making very slight contact with the Thomas vehicle, the appellee collided with the front of the tractor-trailer. *Held*:

1. In their initial enumeration of error, the appellants argue essentially that the negligence of Lazono Thomas in failing to yield the right-of-way and the negligence of Globe Oil in obstructing visibility with its signs and flags preceded and superseded any negligence attributable to the truck driver, thereby precluding only liability on their part for the appellee's injuries.

"The most generally accepted theory of causation is that of natural and probable consequences; and in order to hold the defendant liable, the evidence must show either that the act of the defendant complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrongdoer." *Kleinberg v. Lyons*, 39 Ga. App. 774 (5) (148 SE

535) (1943). "In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. [Cits.]" *Hercules, Inc. v. Lewis*, 168 Ga. App. 688, 689 (309 SE2d 865) (1983).

Lazono Thomas testified not only that the location of the tractor-trailer made his exit from the gas station more difficult but that the appellee could have avoided the collision altogether had it not been for the obstruction created by the improperly parked tractor-trailer. The appellee's testimony was consistent with Thomas' in this respect; and we cannot say, as a matter of law, that the conduct of the truck driver did not constitute a proximate cause of the appellee's injuries. Compare *Williams v. Grier*, 196 Ga. 327 (26 SE2d 698) (1943). See generally *DeKalb County Hosp. Auth. v. Theofanidis*, 157 Ga. App. 811, 812 (278 SE2d 712) (1981); *Shadowood Assoc. v. Kirk*, 170 Ga. App. 209 (316 SE2d 487) (1984).

2. In a series of instructions dealing with the issues of negligence per se, the trial court charged OCGA § 40-6-202 (prohibiting stopping, standing or parking in an area other than a business or residential district) and OCGA § 32-6-1 (prohibiting the erection or maintenance of a structure which obstructs or encroaches upon a public road). The former of these instructions was inapplicable in that the undisputed evidence showed that the collision in fact occurred in a business district. The second was inapplicable in that the obstruction was created by a parked vehicle rather than a structure.

"An instruction as to law on a material issue, unauthorized by the evidence is improper. [Cit.] Where instructions are given that are not warranted by the evidence and are calculated to mislead and confuse the jury, the error requires a new trial." *Akin v. Patton*, 235 Ga. 51, 55 (218 SE2d 802) (1975). "A charge which confuses the issues in the case and injects into the case issues not made by the pleadings or the evidence is presumptively harmful to the losing party. [Cits.]" *American Motorist Ins. Co. v. Sutton*, 148 Ga. App. 872 (9) (253 SE2d 256) (1979). We accordingly hold that the trial court committed reversible error in charging these statutes.

3. The appellants also contend that the trial court erred in denying their motion for a partial directed verdict regarding certain allegations in the complaint based on nuisance. We agree. "The whole idea of nuisance is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury . . . A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated." *City of Atlanta v. Roberts*, 133 Ga. App. 585, 587 (211 SE2d 615) (1974).

4. We have considered the appellants' remaining enumerations of error and find them to be without merit.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1985.

*Charles W. Brannon, Jr., Kenneth L. Royal, Lester B. Johnson,* for appellants.
*Thomas C. Bordeaux, Jr.,* for appellees.