A89A2101. CEARLEY v. THE STATE.
(388 SE2d 751)

McMurray, Presiding Judge.

Defendant was charged via accusation with obstructing a public road and highway, OCGA § 16-11-43. The case was tried before a jury, but a transcript of the evidence was not prepared. Instead, the parties stipulated and the trial court approved the following statement of facts:

"Harold Jones, Charles Totherow, Neal Rusk and George Upchurch each testified that on the 15th day of February, 1989, while traveling on Mulkey Gap Road, in Union County, Georgia, they encountered debris in the road which made the road impassable without unreasonable inconvenience or hazard. Witness Jones testified that he contacted the county commissioner's office and reported the obstruction.

"State's witness, Commissioner Glen Gooch, testified that he contacted the Union County Sheriff's Department to have a peace officer go to the scene and if necessary, to request the offending party to remove the obstruction.

"Deputy Charles Long testified that he was asked by Commissioner Gooch to go to the scene where he observed the debris which was obstructing the free flow of traffic on Mulkey Gap Road and that he requested the defendant to remove the debris on the request of Commissioner Gooch and that the defendant replied, 'I aint no d___ janitor and if Gooch wants it moved he can come out here with a broom and remove it himself.' Deputy Long returned to the Commissioner's office and reported the defendant's comments and refusal to remove the debris, whereupon, Commissioner Gooch obtained a warrant for the defendant's arrest. Deputy Long, accompanied by Deputy Robert Kern, returned to the scene and executed the warrant, placing the defendant under arrest. . . .

"The State's witnesses, Jones, Totherow, Rusk, Upchurch and Long testified that they observed car crushing equipment on property on which the defendant stored motor vehicles. Each of them testified that they did not observe the defendant place or cause to be placed any debris or obstructions in the road, that to their knowledge the defendant did not own the car-crushing equipment, and that they did not know who was crushing the cars. Witness Jones testified that he was aware of the defendant's junk car business over a long period of

time and that the only time he observed debris in the road was during periods of car crushing activity.

"Neither of the State's witnesses could testify that he ever witnessed the defendant himself obstructing the road.

"Witnesses for the defense, defendant T. J. Cearley and Ronnie Brown, testified that they each owned some of the junk vehicles which were stored on the property under defendant's control until such time as they accumulated enough vehicles to sell to a car crushing business. Each of them testified that on this and other occasions, they had sold their junk car inventory to a Mr. Earl McNeese, owner and operator of McNeese Auto Crushing, an Alabama business, that Mr. McNeese purchased all the vehicles as a lot and that once Mr. McNeese purchased the vehicles they had no other control over them. They testified that it was solely their storage place to the crusher site, to crush and remove the vehicles, that although the crusher was set up and operated on property under the defendant's control, neither the defendant nor Mr. Brown did or could exercise any control over the crushing operation, that they did not obstruct or cause to be obstructed any public road or highway."

Defendant was found guilty of the offense charged, and now appeals. *Held*:

1. Defendant first challenges the sufficiency of the evidence.

"It is not enough that the evidence relied upon [by the State to support defendant's conviction] is sufficient to raise a suspicion of guilt. *Mathis v. State*, 10 Ga. App. 77 (72 SE 526)." *Banks v. State*, 132 Ga. App. 809, 810 (209 SE2d 252). The evidence, when viewed in a light most favorable to the prosecution, must show that defendant is guilty, beyond a reasonable doubt, of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

In the case sub judice, there is no question that the State proved, beyond a reasonable doubt, that there was an obstruction on a public road and that the obstruction was in front of property that was controlled by defendant. However, there is not even circumstantial evidence indicating that the obstruction was placed in the roadway by defendant or that the obstruction was the result of activities emanating from property that was subject to defendant's control. In fact, defendant testified that he "did not obstruct or cause to be obstructed any public road or roadway." Under these circumstances, we find that the State failed to prove its case. Consequently, defendant's conviction for obstructing a public roadway must be reversed. See OCGA § 16-11-43.

2. It is unnecessary to address defendant's remaining enumeration.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 22, 1989.

Claude S. Beck, for appellant.
Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney, for appellee.