A90A1343. CARTWRIGHT v. THE STATE.
(399 SE2d 736)

McMURRAY, Presiding Judge.

Defendant Cartwright appeals his conviction of two counts of obstructing and encroaching upon a public road in violation of OCGA § 32-6-1 on June 4, 1987, and on June 5, 1987, "by parking vehicles extending onto and upon [the] public highway right-of-way. . . ." *Held*:

"Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation. See *Earth Management v. Heard County*, 248 Ga. 442, 444 (283 SE2d 455) (1981)." *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186). "Any question as to the proper construction to be given to a statute is for the court to determine [cits.], and application of a statute's terms to undisputed facts is a question of law. [Cits.]

"Also it is an elementary rule of statutory construction that, absent clear evidence to the contrary, words should be assigned their ordinary, logical, and common meaning. [Cits.]" *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 599 (4), 600 (327 SE2d 736).

As related to the case sub judice, OCGA § 32-6-1 provides that a person shall not "obstruct" or "encroach" upon any part of any public road. When "obstruct" and "encroach" are assigned their ordinary, logical and common meanings, any use of a vehicle on a public road results in a violation of OCGA § 32-6-1. In order to use the public road, a vehicle must enter or "encroach" upon the roadway. Additionally, any vehicle upon the public road, whether mobile or stationary, is to some degree an obstacle or impediment to passage and thus constitutes an obstruction upon the roadway. See in this regard Webster's New Intl. Dictionary, 2d ed. Obviously, such an unacceptable result cannot be the intention of the legislature. When OCGA § 32-6-1 is construed in pari materia with statutes governing the operation and parking of motor vehicles, including OCGA § 32-6-2, we find the parking of motor vehicles on public roads to be fully regulated without reference to the statute under which defendant was prosecuted. See *Ryan v. Commrs. of Chatham County*, 203 Ga. 730, 731 (1) (48 SE2d 86). Thus, after consideration of the unacceptable result arising from the application of OCGA § 32-6-1 to vehicles and of the fact that the operation and parking of vehicles are fully regulated by other statutes, it is apparent that OCGA § 32-6-1 does not regulate vehicles.

*Southern Intermodal Logistics v. Coleman*, 175 Ga. App. 853, 854 (2) (334 SE2d 888) correctly construes OCGA § 32-6-1 as not regulating the parking of vehicles on the right-of-way of State highways, albeit the use of the word "structure" in *Southern Intermodal* has apparently obscured the holding in that case and drawn attention from the true issues in the case sub judice. However, see *Smith v. Hiawassee Hardware Co.*, 167 Ga. App. 70, 71 (305 SE2d 805). In *Southern Intermodal* we referred to the non-vehicular item to which OCGA § 32-6-1 is applicable as a "structure." The use of this particular term may be lacking in precision but as applied to the facts of that case led to a correct result.

Since OCGA § 32-6-1 does not in any way regulate vehicles used

upon State highways, the conviction of defendant was not authorized. That which a citizen may legally do is not a proper ground for punishment as a crime. *Sowards v. State*, 137 Ga. App. 423, 425 (224 SE2d 85)." *Hardeman v. State*, 154 Ga. App. 364, 365 (268 SE2d 415). The judgment below must be reversed.

*Judgment reversed. Carley, C. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Deen, P. J., and Banke, P. J., concur and also concur specially. Beasley, J., dissents.*

BANKE, Presiding Judge, concurring specially.

I concur fully in the majority opinion.

The General Assembly has enacted comprehensive legislation setting forth the circumstances under which parking on public roads will and will not be permitted. See generally OCGA § 40-6-200 et seq. Under the rationale advanced by the dissent, a driver could be parked in complete compliance with these statutes, as well as with all applicable departmental regulations and local ordinances governing the parking of motor vehicles at the location in question, see generally OCGA § 32-6-2, yet nevertheless be prosecuted under OCGA § 36-6-1 for obstructing or encroaching upon "any part of [a] public road." Such a result would, of course, be nonsensical. Accordingly, while it may well be possible to violate OCGA § 36-6-1 through the creation of an obstruction or encroachment which is not structural in nature, I believe *Southern Intermodal Logistics v. Coleman*, 175 Ga. App. 853 (2) (334 SE2d 888) (1985), was correctly decided to the extent that it held that this Code section does not encompass vehicular parking.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

BEASLEY, Judge, dissenting.

Cartwright was convicted of two counts of obstructing and encroaching upon a public road, OCGA § 32-6-1, "by parking vehicles extending onto and upon [the] public highway right-of-way. . . ." OCGA § 32-1-3 (24) defines "public road" broadly for this title.[1] Subsection (25) defines "right of way."

1. Appellant urges that the court erred in failing to grant his motion to dismiss the accusation, motion for new trial, and motion in arrest of judgment on the ground that this statute does not prohibit the parking of vehicles on state highways.

The statute provides in part: "It shall be unlawful for any person to obstruct, encroach upon, solicit the sale of any merchandise on, or injure materially any part of any public road." Appellant contends

---

[1] Compare the term "highways" and the exceptions thereto in OCGA § 40-6-3, which relates to the places upon which the Uniform Rules of the Road apply.

that *Southern Intermodal Logistics v. Coleman*, 175 Ga. App. 853 (334 SE2d 888) (1985), construes the statute as not regulating the parking of vehicles on the right-of-way of state highways, and that this is supported by considering the statute in pari materia with OCGA § 32-6-2 (4). The latter, he argues, covers vehicle parking to the exclusion of the application of OCGA § 32-6-1.

OCGA § 32-6-1 does not limit the nature of the object by or with which a person might "obstruct" or "encroach" upon. The focus of the statute is the act of interfering with the public road; it matters not what object creates the potential of interference with traffic, which is the evil intended to be prohibited. Depending on the circumstances, vehicles could constitute the offending objects. Obviously, if they were legally on the road, they would not be unlawful encroachments or obstructions.

*Southern Intermodal* held that the statute was inapplicable to the facts in that case; a tractor-trailer had been left unattended in the center or passing lane. The court parenthetically described OCGA § 32-6-1 as "prohibiting the erection of maintenance of a *structure* which obstructs or encroaches upon a public road." (Emphasis supplied.) The statute does not use the word "structure."

Appellant's exclusivity argument does not save his position. OCGA § 32-6-2 (4) cannot be construed to cover the universe of vehicles illegally left on public roads. In the first place, it deals only with those left on the right-of-way. Second, it deals only with those left on the state highway system. Third, it deals only with those left more than 48 hours. It does not cover vehicles left unattended on public roads not in the state highway system or on rights-of-way in the system for less than 48 hours. Yet such could obviously obstruct the public road. See OCGA §§ 40-6-200; 40-6-202; 40-6-203; 40-6-204.

The State's theory in appellant's case came within the contemplation of the statute. It was that appellant, systematically and continually and as an extension of his business enterprise, parked vehicles in his custody and control on the public road right-of-way. In other words, he used the area as an extension of his property for the conduct of his business. Whether or not the complained of conduct created an obstruction and/or encroachment of the public road would be for the jury to determine. The trial court did not err in denying appellant's motions on the ground that the charged conduct was not prohibited under OCGA § 32-6-1.

2. Appellant's contention that his convictions should be reversed because the State's evidence was purely circumstantial and insufficient is without merit. The evidence was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Cearley v. State*, 193 Ga. App. 652 (388 SE2d 751) (1989), does not govern, as it is a case brought under another statute, OCGA § 16-11-43, and there

was not even circumstantial evidence in that case to show that the obstruction was placed in the roadway by the defendant or resulted from activities emanating from property subject to defendant's control.

DECIDED DECEMBER 4, 1990.

*Fortson, Bentley & Griffin, Ernest De Pascale, Jr.*, for appellant.
*Ken Stula, Solicitor*, for appellee.