## A05A2117. MARSENGILL v. THE STATE.
### (622 SE2d 58)

ELLINGTON, Judge.

Following a bench trial, the City Court of Atlanta convicted Eugene Marsengill of driving without a valid license and improper stopping in a roadway. He appeals, challenging the sufficiency of the evidence. We affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We neither assess the credibility of the witnesses nor weigh the evidence, but instead determine only whether a rational trier of fact could have found each of the elements of the crime proven beyond a reasonable doubt. . . . [Further,] to sustain a judgment of conviction [based upon circumstantial evidence], the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt.

(Citations and punctuation omitted; emphasis in original.) *Stephens v. State*, 271 Ga. App. 634, 634-635 (610 SE2d 613) (2005). The determination of whether an alternative hypothesis raised by the evidence is reasonable is a job for the factfinder, who is authorized to reject a hypothesis that he considers implausible. Id. at 635; *Frye v. State*, 189 Ga. App. 181, 182 (375 SE2d 101) (1988). Moreover, the factfinder decides whether the evidence excluded every reasonable hypothesis except that of the defendant's guilt. *Phillips v. State*, 185 Ga. App. 54, 55 (1) (363 SE2d 283) (1987).

1. Marsengill contends the circumstantial evidence presented was insufficient to prove beyond a reasonable doubt that he had been driving the car on the date of the offenses. He argues that the State failed to exclude the possibility that someone else drove the car to the place where it was parked.

The evidence presented, viewed in the light most favorable to the verdict, showed the following facts. At approximately 3:45 a.m. on March 4, 2003, two Atlanta police officers approached a car that was parked in such a way that it blocked the right lane of a city street. Marsengill was sitting in the driver's seat of the car, and two other individuals were in the middle and passenger seats. The officers did not see anyone get into or out of the car before they approached it. The officers asked Marsengill for his driver's license, but Marsengill said he did not have one. When the officers ran a Georgia Crime Information Center check on Marsengill's Georgia identification card, they discovered that Marsengill's driver's license had been suspended. They also found out that the car belonged to Marsengill's son and that neither Marsengill nor his son lived in the area where the car was parked, indicating that someone had driven the car to that area. There was also evidence that, on March 4, 2003, Marsengill knew that his license had been suspended, because he had previously received two other citations for driving with a suspended license.

Moreover, other than the mere presence of two passengers, no evidence was presented that raised the possibility that someone else had been driving the car before the officers approached.

Based upon the evidence presented, we find that the officers observed circumstances from which the trial court could infer that Marsengill had been driving the car before stopping it in the road, even though the officers did not actually see Marsengill driving the car. See *Frye v. State*, 189 Ga. App. at 181-182 (evidence showed that officer found the defendant staggering down the road near an empty, overturned car); *Phillips v. State*, 185 Ga. App. at 55 (1) (evidence showed that the defendant was unconscious and slumped over the steering wheel of a vehicle which was parked in the middle of the road). Because there was sufficient evidence from which the trial court could find Marsengill guilty beyond a reasonable doubt of the crime charged, we affirm his conviction. *Frye v. State*, 189 Ga. App. at 182.

2. Marsengill contends the evidence was insufficient to support his conviction for improper stopping because the evidence did not show that the car blocked the entire street. OCGA § 40-6-202 provides that,

> [o]utside of a business or residential district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park, or so leave such vehicle off the roadway; but in every event, an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles, and a clear view of the stopped vehicle shall be available from a distance of 200 feet in each direction upon the highway.

Marsengill argues that, as long as there was some room on the road for vehicles to pass the car, he could not be convicted of improper stopping on the roadway. Marsengill has failed to cite to any authority for this interpretation of the statute. Further, although this statute is not the model of clarity, a careful reading of the statute shows that this provision only applies when a car is otherwise legally parked in the roadway.[1] See *Cartwright v. State*, 197 Ga. App. 868, 869 (399 SE2d 736) (1990) (the construction of statutes is a job for the courts, and courts should assign statutory language its ordinary, common,

---

[1] For the same reason, Marsengill's argument that his conviction cannot stand because the State failed to prove that the car was not visible from 200 feet away is without merit. Since the car was not legally parked in this case, no such proof was required.

and logical meaning, absent clear evidence that a contrary meaning was intended; in addition, application of a statute to undisputed facts is a question of law).

Accordingly, we find that the undisputed evidence that the car was parked in the road so that it "was blocking the right lane" was sufficient to support Marsengill's conviction for improper stopping in a roadway.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 13, 2005.

*Tara D. Dickerson, Candace L. Byrd,* for appellant.

*Joseph J. Drolet, Solicitor-General, Normarene C. Merritt, Raines F. Carter, Barbara M. Collins, Assistant Solicitors-General,* for appellee.

