### A06A0496. DIXON v. THE STATE.
(627 SE2d 406)

BLACKBURN, Presiding Judge.

Following a bench trial, Robert Lee Dixon was convicted of theft by receiving. He appeals from the denial of his motion for new trial challenging the sufficiency of the evidence to support his conviction. We hold that the evidence sufficed to sustain the conviction and thus affirm.

When evaluating the sufficiency of the evidence to support a conviction, we determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia.*[1] "This Court does not reweigh evidence or resolve conflicts

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the [factfinder's] assessment of the weight and credibility of the evidence." *Escutia v. State.*[2] Furthermore, "to sustain a judgment of conviction based upon circumstantial evidence, the evidence need not exclude every inference or hypothesis except the guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." (Punctuation and emphasis omitted.) *Marsengill v. State.*[3]

So construed, the evidence shows that at approximately 8:25 a.m. on December 25, 2002, a police officer on routine patrol noticed Dixon standing next to the passenger side of a tow truck which was parked oddly outside of a local automobile repair shop next to a blue Honda automobile. Specifically, the officer noted that Dixon was standing facing away from the truck and toward the street and appeared to be acting as a lookout. The officer also noticed an unidentified male near the driver's side of the tow truck. Based on the fact that it was early morning on Christmas day and that there had been burglaries reported by the repair shop owners in the past, the officer turned his patrol car into the parking lot to further investigate. As he did, he saw Dixon turn toward the unidentified male and alert him to the officer's presence. The unidentified male then ran off while Dixon began to hobble away as fast as he could in a different direction. The officer ordered Dixon to stop and Dixon complied. The officer questioned Dixon as to what he was doing in the parking lot. Dixon replied that he had "just walked up" on the unidentified male and had asked him for bus fare.

At this point the officer noticed that the tow truck's steering column was damaged and its ignition had been "popped." He further noticed that the grill of the tow truck was damaged and that the passenger-side door showed signs of forced entry. Believing the tow truck to be stolen, the officer arrested Dixon and again asked him what he and the unidentified male were doing at the scene. Dixon responded that he was trying to obtain bus fare so he could return to the motel where he was staying; however, the motel was in the opposite direction from his alleged path of travel, and no bus line served this locale. He added that the unidentified male picked him up in the tow truck several blocks away from the repair shop and promised that he would give him bus fare once he stopped. According to the officer, Dixon also stated that upon reaching the repair shop, the unidentified male tried to take the blue Honda. Dixon maintained that he did not know the unidentified male.

---

[2] *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).
[3] *Marsengill v. State*, 275 Ga. App. 840, 841 (622 SE2d 58) (2005).

Dixon was indicted on charges of theft by taking and theft by receiving.[4] At trial, in addition to the officer's testimony, the owners of the tow truck confirmed that it had, in fact, been stolen from the lot where it was normally parked sometime during the evening on December 24. Based on this evidence and the evidence cited above, Dixon was acquitted of theft by taking but was convicted of theft by receiving. His subsequent motion for new trial arguing insufficient evidence to support his conviction was denied.

In his sole enumeration of error, Dixon contends that the evidence was insufficient to support his conviction of theft by receiving. We disagree. "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control . . . of the property." OCGA § 16-8-7 (a). See *Harris v. State*.[5] Although Dixon protests that the evidence did not show that he personally possessed or controlled the stolen tow truck, such an approach ignores that the evidence showed that he was a party to the crime of theft by receiving. A person is a party to a crime if he "[i]ntentionally aids or abets in the commission of the crime." OCGA § 16-2-20 (b) (3). "A passenger in a stolen vehicle may be convicted of theft by receiving if . . . circumstances exist from which guilty knowledge may be inferred, such as some evidence, either direct or circumstantial that the accused was a party to the crime by aiding and abetting its commission." *King v. State*.[6]

Here, evidence showed that the tow truck had been stolen within the last 24 hours and was being driven by an unidentified male. Evidence further showed that the unidentified male and Dixon (who admitted to riding in the tow truck) knew that the truck was stolen: the passenger door of the tow truck, through which Dixon admittedly entered the vehicle, exhibited signs of forced entry; the truck's steering column was damaged; and its ignition had been "popped." Inasmuch as the unidentified male was driving an obviously stolen truck, such showed that he was committing the crime of theft by receiving. See *King*, supra at 813 (1) (driver of obviously stolen truck is in possession or control of truck and guilty of theft by receiving).

---

[4] The unidentified male who fled the scene was never apprehended and his identity remains unknown.

[5] *Harris v. State*, 247 Ga. App. 41, 42 (543 SE2d 75) (2000).

[6] *King v. State*, 268 Ga. App. 811, 812 (1) (603 SE2d 88) (2004).

The evidence further showed that Dixon aided or abetted this unidentified male in his commission of the crime. The arresting police officer testified that while the unidentified male, who had been driving the stolen tow truck, was getting into the truck, Dixon acted as lookout by standing next to the tow truck and facing the street. Once Dixon noticed the officer, he immediately alerted the unidentified male driver to the presence of the officer, resulting in the unidentified male escaping. Acting as a lookout for a person who is committing a crime authorizes a conviction for that crime. See *Mack v. State*.[7]

Additional evidence showed that no reasonable hypothesis of innocence explained the circumstantial evidence regarding Dixon's presence and actions at the scene. Although unable to run because of some physical impairment, Dixon also tried to flee by hobbling away as quickly as possible from the officer. See *Boutwell v. State*[8] (flight from scene of crime is circumstantial evidence of guilt and of knowledge of guilt). Dixon testified that he was walking toward the repair shop in order to obtain bus fare, but he was traveling in a direction opposite from any public transportation line. The first time he told police of his attempt to obtain bus fare, he claimed the fare was to return to the motel; at trial, he claimed it was to return to his permanent home. He also stated that he walked the distance from his motel to the spot where the driver picked him up a few blocks from the repair shop; but evidence showed this was a distance of several miles, which in Dixon's disabled condition would have been a near impossibility to traverse in the one-and-one-half hours he claims he was on foot. Finally, he claims he did not notice the indicia showing that the truck was stolen; yet he entered the truck via the damaged passenger door, and he sat only feet away from the broken steering column and "popped" ignition.

Accordingly, we hold that sufficient evidence established that Dixon was at least a party to the crime of theft by receiving. See *King*, supra at 813 (1). We therefore affirm the trial court's denial of Dixon's motion for a new trial and affirm his conviction.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 17, 2006.

*Sharon L. Hopkins*, for appellant.

---

[7] *Mack v. State*, 263 Ga. App. 186, 188 (2) (587 SE2d 132) (2003).
[8] *Boutwell v. State*, 256 Ga. 63, 65 (3) (344 SE2d 222) (1986).

*Daniel J. Porter, District Attorney, Karen M. Harris, Assistant District Attorney*, for appellee.