39503. POWERS v. PATE.

DECIDED NOVEMBER 15, 1962.

*Emory M. Hiers, Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for plaintiff in error.

*George A. Horkan, Jr., Divine & Busbee, William T. Divine, Jr.,* contra.

FRANKUM, Judge. 1. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases." *Eubanks v. Mullis,* 51 Ga. App. 728, 730 (181 SE 604). See *Southern Stages v. Clements,* 71 Ga. App. 169 (30 SE2d 429); *Southern Bakeries Co. v. White,* 103 Ga. App. 146 (118 SE2d 724), and cases cited therein. ". . . it has been held many times by the appellate courts that what amounts to negligence, contributory or comparative negligence, proximate cause, etc., are ordinarily questions for the jury under appropriate instructions, and such questions will not be determined by the court as a matter of law except in plain and undisputed cases." *Callaway v. Pickard,* 68 Ga. App. 637, 641 (23 SE2d 564), and cases cited therein. When the rule concerning comparative negligence is involved in a case, the verdict of the jury cannot be set aside on the ground that the amount of the damages awarded is inadequate (*Cox v. Nix,* 87 Ga. App. 837, 75 SE2d 331; see *Moore v. Sears, Roebuck & Co.,* 48 Ga. App. 185, 172 SE 680); aliter, when liability is established, a verdict is rendered for the plaintiff, and comparative negligence is not chargeable to the plaintiff (see *Bishop & Parsons v. Mayor &c. of Macon,* 7 Ga. 200 (6) 50 AD 400; *Hood v. Ware,* 34 Ga. 328; *Roddenberry Hdw. Co. v. Merritt,* 17 Ga. App. 425, 87 SE 681; *Esa v. State,* 19 Ga. App. 14, 90 SE 732; *McLendon v. Floyd,* 59 Ga. App. 506, 1 SE2d 466; *Tallent v. McKelvey,* 105 Ga. App. 660, 125 SE2d 65). In the instant case we are of the opinion that the question of com-

parative negligence was involved. While it is true that there were warning signs and a stop sign when defendant approached the intersection, the uncontradicted evidence shows that he did stop before entering it. Therefore, the defendant did not violate any stop sign which had been placed at the intersection for the control of traffic. *Teague v. Keith,* 214 Ga. 853 (108 SE2d 489). After having stopped, it was a question for the jury as to whether he was negligent in entering the intersection. The jury found for the plaintiff, and therefore, it is obvious that they found that the defendant was negligent in some degree. On the other hand, even if the plaintiff had the right of way at the intersection, "His right of way and right to assume the absence of negligence by others do not entitle him to drive blindly or recklessly across an intersection, especially one which might be termed a 'blind intersection,' without regard to the conditions and consequences. It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent." *Eddleman v. Askew,* 50 Ga. App. 540 (3) (179 SE 247). See *Laseter v. Clark,* 54 Ga. App. 669 (189 SE 265). We are of the opinion that the evidence authorized the jury to infer that the plaintiff was negligent in following too closely behind the truck that was being driven in front of him in such a manner that the defendant could not see him, and that he failed to keep a diligent lookout when he entered the intersection. The verdict was approved by the trial judge, and we are of the opinion that the evidence authorized the verdict. The general grounds and the first three special grounds of the motion are without merit.

2. The plaintiff contends by special ground 10 of his motion for new trial that the trial court erred in overruling his objection to the admission in evidence of seven photographs of the intersection where the collision occurred. The objection is as follows: "I object to them [photographs] on the ground that they have not been properly identified." Movant argues that a proper foundation was not laid as a basis for the admission of the

photographs, namely, whether the photographs actually portrayed the scene of the collision correctly and accurately. See *Johnson v. State,* 158 Ga. 192 (123 SE 120); *Draffin v. Massey,* 93 Ga. App. 329 (92 SE2d 38); *Hill v. State,* 201 Ga. 300 (6) (39 SE2d 675). Cf. *Georgia Power Co. v. Gillespie,* 48 Ga. App. 688 (8) (173 SE 755), and *Western &c. R. Co. v. Hughes,* 37 Ga. App. 771 (6) (142 SE 185). See also Green, Ga. Law of Evidence, § 86, p. 202. However, the plaintiff's objection does not reach this question as it relates only to the identification of the photographs. The defendant testified that the photographs were taken in his presence by a named individual on a certain date. He described how and in what position the photographs were taken. We are of the opinion that the pictures were sufficiently identified so as to authorize their admission as against the objection that they had not been sufficiently identified. Special ground 10 of the motion is without merit.

3. Movant contends that it was error to charge the contents of *Code Ann.* § 68-1650 (a) and (b) without subsection (c), and particularly subsection (d). Clearly, subsection (c) had no application to the facts of the case, and the court did nor err in failing to charge this subsection. Subsection (d) provides: "The right of way rules declared in subdivisions (a) and (b) are modified at through highways and otherwise as hereinafter stated in sections 68-1651 through 68-1653." Had the court charged this subsection it would have had no meaning to the jury without charging and sufficiently identifying the limiting Code sections referred to in *Code Ann.* § 68-1650 (d). The court did charge the contents of these limiting Code sections. (In fact, in another special ground of his motion, movant contends that the court erred in charging one of these modifying Code sections.) In reviewing the charge as a whole, we find no harmful error in the court's failure to charge subsection (d) of *Code Ann.* § 68-1650. Special grounds 4 and 5 of the motion for new trial are without merit.

4. The excerpts from the charge complained of in special grounds 6, 7 and 8 were correct as abstract principles of law and authorized by the facts and pleadings. These grounds show no error for any reason assigned.

5. Special ground 9 shows no harmful error for any reason assigned.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*