68826. KIRKLAND v. WILLIAMS.
(323 SE2d 891)

McMURRAY, Chief Judge.

This is a wrongful death action. Plaintiff's husband died when his motorcycle collided with defendant's cow on a public highway. The jury returned a verdict for plaintiff in the sum of $10,000. Following the denial of her motion for new trial, plaintiff appeals. *Held*:

1. Plaintiff's first four enumerations of error complain of the giving or the failure to give instructions to the jury. As plaintiff failed to object when afforded the opportunity by the trial court before the jury returned its verdict, plaintiff is deemed to have waived the right to raise these issues on appeal. OCGA § 5-5-24 (a); *Nelson v. Miller*, 169 Ga. App. 403 (312 SE2d 867). Nor do any of these alleged errors fall within the exception provided by OCGA § 5-5-24 (c). See *Nelson v. Miller*, 169 Ga. App. 403, 404-405, supra.

2. Plaintiff contends that the verdict is so grossly inadequate as to justify the inference of gross mistake or undue bias. See in this regard OCGA § 51-12-12. However, the evidence in the case sub judice authorized the trial court's charge of the principles of comparative negligence (a state trooper estimated that the motorcycle was traveling at 70 m.p.h. prior to impact; defendant's expert estimated the motorcycle's speed prior to impact as 93 m.p.h. and testified that the motorcycle's front brakes had been inoperative, resulting in a 50 percent loss of braking capability). "When the rule concerning comparative negligence is involved in a case, the verdict of the jury cannot be set aside on the ground that the amount of the damages awarded is inadequate. [Cits.]" *Powers v. Pate*, 107 Ga. App. 25, 27 (1) (129 SE2d 193); *Young v. Southern Bell Telephone &c. Co.*, 168 Ga. App. 40, 41 (1) (308 SE2d 49). See also *Jordan v. Ellis*, 148 Ga. App. 286, 290 (250 SE2d 859); *Maloy v. Dixon*, 127 Ga. App. 151, 165 (6) (193 SE2d 19).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 15, 1984.

*Robert W. Galloway, David G. Hammock*, for appellant.
*Hugh B. McNatt, Jiles M. Barfield*, for appellee.