71734. WESTERN STONE & METAL CORPORATION
v. JONES.
(348 SE2d 478)

BENHAM, Judge.

Appellant seeks review of an adverse verdict in a tort action in the Superior Court of Fulton County, claiming (1) the evidence was insufficient to support the verdict; (2) there was error in failing to grant motions for directed verdict and for judgment n.o.v.; and (3) there was error in charging a particular provision of the Atlanta City Code.

The original action was brought against the City of Atlanta and against Western Stone & Metal Corp. (hereinafter referred to as The Shane Co.) and a verdict was returned against both for $100,000; however, the City of Atlanta did not appeal. Under OCGA § 33-24-51, its liability was limited to $1,000.

Appellant first contends that the evidence was insufficient to support the verdict. We agree. The incident which gave rise to this cause of action occurred on October 4, 1980, at approximately 6:00 p.m., when a false silent alarm sounded at The Shane Co. The security agency, Electro-Protective Services, notified police and two vehicles were dispatched. As those vehicles were en route to the scene, appellee, Evelyn Jones, a 73-year-old sales clerk for Davison's (Macy's), was crossing the street near Peachtree and Ellis. As the police vehicles approached, Mrs. Jones was startled, and in stepping backward to avoid being hit, injured her right hip. There was no contact between the vehicles and appellee. The evidence was in dispute as to whether the police vehicles were using flashing lights and sirens. At trial, Mrs. Jones contended that The Shane Co. was negligent in one

of several manners: (1) negligently setting off the alarm; (2) negligently maintaining the alarm system; (3) failing to discover the alarm had been activated; or (4) failing to notify the authorities not to respond to the alarm.

The central issue and one that is dispositive of this case is one of proximate cause. It is hornbook law that for recovery to be allowed in a tort case, there must be a failure to use a standard of care by the defendant, which proximately causes an injury to the plaintiff, to whom a duty is owed. Inextricably entwined with concepts of negligence and proximate cause is a notion of foreseeability, not foreseeability as to the particular harm but that some harm would occur. This very issue was addressed in the classic law school case of *Palsgraf v. Long Island R. Co.*, 248 N. Y. 339 at 344 (162 NE 99) (1928): "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension. [Cits.] This does not mean . . . that one who launches a destructive force is always relieved of liability if the force, though known to be destructive, pursues an unexpected path. 'It was not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye.' [Cits.]"

In considering the matter of proximate cause, Georgia courts and courts from other states have used various yardsticks, a few of which are as follows: remoteness in time and space, *Bird v. St. Paul Fire &c. Ins. Co.*, 224 N. Y. 47 (120 NE 86) (1918); independent intervening causes, *Perry v. Lyons*, 124 Ga. App. 211, 215 (183 SE2d 467) (1971); and foreseeable natural and probable consequences, *Georgia Power Co. v. Collum*, 176 Ga. App. 61, 64 (334 SE2d 922) (1985). No matter what test is used in determining the issue of proximate cause, all of the tests envision some reasonable apprehension of harm. "The range of reasonable apprehension is at times a question for the court, and at times, if varying inferences are possible, a question for the jury." *Palsgraf*, supra at 345. In applying any of the standards mentioned, the facts of this case would not cause the most cautious of men to envision that harm to another would occur. To reason otherwise would unnecessarily and unjustifiably open up a Pandora's box of liability.

We are strengthened in our position by the Supreme Court's ruling in *McAuley v. Wills*, 251 Ga. 3, 7 (303 SE2d 258) (1983): "Although what amounts to proximate cause is undeniably a jury question, it will be determined by the court as a matter of law in plain and undisputed cases. [Cit.]"

In determining whether the trial court properly submitted this matter to the jury or whether it should have been decided as a matter of law, we rely on this basic, often repeated principle: "Questions of

negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases. [Cits.]" *Powers v. Pate*, 107 Ga. App. 25, 27 (129 SE2d 193) (1962). The view we take today is the view taken in *Crankshaw v. Piedmont Driving Club*, 115 Ga. App. 820, 821 (156 SE2d 208) (1967), where this court said that where the jury can draw but one reasonable conclusion, the issue is plain, palpable, and undisputed and should be ruled upon as a matter of law. See also *Southern Intermodal &c. v. Coleman*, 175 Ga. App. 853 (334 SE2d 888) (1985), where a different result was reached but the same principle is recited.

The case most directly on point is *Southern Bell Tel. &c. Co. v. Dolce*, 178 Ga. App. 175, 176 (342 SE2d 497) (1986): "A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote causes and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause." This is exactly the situation that we are presented with today, and we rule that the lack of proximate cause was plain and palpable since no ordinary and prudent person could have apprehended that harm would occur, and since no reasonable varying inferences were possible, the evidence was insufficient as a matter of law to impose liability. Therefore, either a motion for directed verdict or for judgment n.o.v. should have been granted.

Since we have found as a matter of law that the evidence was insufficient to impose liability and that the trial court should have granted either the motion for directed verdict or the judgment n.o.v., the other enumerations of error are rendered moot.

*Judgment reversed. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, and Pope, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

Where the defendant, which was in the diamond business, knew from prior experiences that the police would come in a hurry in response to the alarm of a hold-up at its establishment, it is at least arguable that it was reasonably foreseeable that someone would be harmed in the course of the summoned police speeding to the scene at the close of the business day in the heart of Atlanta. Such a consequence was natural and probable, considering the circumstances and the number of times the police had been falsely alarmed, and not, as a matter of law, only possible. See *Rustin Stamp &c. v. Ray Bros.*, 175 Ga. App. 30, 31 (1) (332 SE2d 341) (1985).

It is true that the peculiar harm here, where plaintiff sustained injury when she stepped back to avoid the speeding police cars, may not have been foreseeable. But it is not the particular harm resulting which must be foreseeable, so long as some harm may be anticipated. " 'In order that a party may be liable in negligence, it is not necessary that he should have contemplated or even been able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient, if, by exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission; or that consequences of a generally injurious nature might have been expected.' [Cit.]" *Atlanta Gas Light Co. v. Mills*, 78 Ga. App. 690, 696 (1) (51 SE2d 705) (1949). OCGA § 51-12-9.

I believe the evidence was sufficient to make it a jury question, and the jury verdict, approved by the trial court, should not be disturbed. *Green v. Dillard*, 176 Ga. App. 574, 575 (1) (337 SE2d 55) (1985). Only where "the evidence does not plainly, palpably and indisputably show a lack of proximate cause" is the case not one for the jury's decision. *DeKalb County Hosp. Auth. v. Theofanidis*, 157 Ga. App. 811, 812-813 (278 SE2d 712) (1981).

DECIDED JULY 14, 1986 —
REHEARING DENIED JULY 31, 1986

*James A. Eichelberger, Gwendolyn R. Tyre, Andrew J. Hamilton, Nina M. Radakovich*, for appellant.
*Nick Long, John Vincenzi*, for appellee.