## A89A1098. HOOD v. THE STATE.
(389 SE2d 264)

BEASLEY, Judge.

Hood appeals his conviction for vehicular homicide in the second degree (OCGA § 40-6-393 (b)), for failure to drive in accordance with OCGA § 40-6-48 (1).

The victim's station wagon ran out of gas at the I-85 and I-285 junction. He parked it in a neutral zone, a triangle defined by solid white lines at the point where the entrance ramp from I-285 merged with I-85. He was standing at the left rear of his station wagon, with emergency lights flashing, when Hood, driving a pickup, came off the I-285 ramp attempting to merge onto I-85. He struck the left rear of the station wagon with the right front of his truck, crushing the victim between them. The victim then fell and was run over by a Mustang following Hood. The Mustang did not stop, travelling over 400 feet before the victim's body caused the car to stop.

Hood testified that a van in front of him swerved and revealed the station wagon, which Hood said was partially in the lane, and the victim. Hood said he locked his brakes, then regained control and attempted to go by the station wagon to the left, through the neutral zone. He said he may have clipped the victim but when he last saw him, he was running.

Eason, a former DeKalb police officer and at trial time a private accident reconstruction specialist, gave his opinion that the victim was compressed between the two vehicles and was horizontal when

the Mustang ran over him. Photos taken at the scene reveal blood and body tissue on the hood and windshield of the truck and extensive damage to its right front quarter-panel. Shredded clothing from the victim was embedded in the crushed left quarter-panel of the station wagon.

1. Defendant moved for directed verdict at the close of the State's case, based on the failure of the State to show that defendant "caused the death." At the close of all evidence, defendant renewed his motion, contending that he could not be held "responsible for the superseding intervening acts of third parties in the operation of his motor vehicle."

A directed verdict is appropriate only where there is no evidence to support a verdict to the contrary. OCGA § 17-9-1; *Conger v. State*, 250 Ga. 867, 870 (301 SE2d 878) (1983); *Bradley v. State*, 180 Ga. App. 386 (349 SE2d 263) (1986).

Because the State did not timely serve defendant with a copy of the medical examiner's report, the doctor was unable to testify from his specific knowledge of the case and instead answered only hypothetical questions, some of which were premised on the photos of the wrecked vehicles. The doctor's opinion was that it was "quite likely that this person within reasonable probability sustained injuries that could have resulted in death." He was unable to say for certain that the injuries definitely did result in death.

This did not, however, mean that the question should be taken from the jury. Causation is a required element of vehicular homicide. It must be shown that the defendant's illegal act, here crossing the neutral zone when it was unsafe to do so, was the cause of death. *Davis v. State*, 187 Ga. App. 517, 520 (3) (370 SE2d 779) (1988); *Collins v. State*, 172 Ga. App. 100, 102 (1) (321 SE2d 823) (1984).

The doctor's answers to the hypothetical, the photographs, and Eason's opinion as to how the accident occurred formed a sufficient basis upon which the jury could find, beyond a reasonable doubt, that defendant's act caused the death. OCGA §§ 24-4-5; 16-1-5; *Davis*, supra at 521. The jury was not compelled by the evidence to accept defendant's theory that the victim was still alive and not dying after he hit him and was killed instead by the Mustang. Denial of the directed verdict was not error. *Davis*, supra at 522.

Defendant's argument that the fact that the Mustang hit the decedent required the trial court to hold as a matter of law that an intervening superseding criminal act was the proximate cause of the death is not supportable. Proximate cause has been used in vehicular homicide cases for many years. *Davis*, supra at 521; *Johnson v. State*, 170 Ga. App. 433, 434 (1) (317 SE2d 213) (1984). The concept of independent intervening causes which will break the chain of causation is one of the yardsticks used to measure proximate cause. *Western*

*Stone &c. Corp. v. Jones*, 180 Ga. App. 79, 80 (348 SE2d 478) (1986); *Brandvain v. Ridgeview Institute*, 188 Ga. App. 106, 115 (2 b) (372 SE2d 265) (1988), aff'd 259 Ga. 376 (382 SE2d 597) (1989). In cases of conflicting evidence, this question is one for the jury. *Western*, supra; *Brandvain*, supra.

2. Defendant contends that the court erred in allowing Eason to give his opinion concerning the "ultimate issue" in the trial, the cause of death.

Eason was a former police officer who had been trained in accident analysis and reconstruction and had worked numerous accidents both as patrolman and detective. He gave his background, experience and qualifications in this area and was tendered to the court as an expert. The court declined to rule, reserving such until a challenge was made. Thereafter, Eason was asked if he had an "opinion or final conclusion as to what was the cause of the accident." He gave his factual findings concerning the chronology of the accident based on his examination of the scene and vehicles and concluded that defendant crossed the neutral zone, "collided with the stopped [station wagon] and death resulted."

At this point defendant objected, on the basis that, as to the testimony concerning the death, "I don't think that is a conclusion he is qualified to draw." The court overruled that objection.

During cross-examination, Eason was asked if he knew the victim was dead when he was struck by the Mustang. He responded that he had an opinion based on his experience, but that he had no personal knowledge. On redirect, the State asked what that opinion was. Defendant objected that such an opinion would invade the province of the jury and was the ultimate opinion on the issue in the case. This objection was sustained.

Defendant enumerates the allowance of testimony of the ultimate issue and allowing Eason to state a "legal conclusion to the jury over objection."

Eason was not permitted to give his opinion after the second objection, so defendant cannot complain in that regard. The first objection went not to the "ultimate issue" objection now raised, but only to the qualifications of Eason to give an opinion of when death occurred. This is the only issue we address.

The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court. *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1, 5 (3) (292 SE2d 435) (1982). Eason had worked numerous accidents involving death, was trained in accident reconstruction, and gave factual bases for his conclusions. The court did not err as a matter of law in overruling the stated objection and thereby finding the witness qualified to give his opinion. *Doughty v.*

*State*, 175 Ga. App. 317, 319 (2) (333 SE2d 402) (1985); see *State v. Butler*, 256 Ga. 448, 450 (2) (349 SE2d 684) (1986).

Also, the fact of death was not disputed and was proven by an emergency medical technician who found no life signs in the victim at the scene. The medical examiner gave his opinion that it was "reasonably probable" that the impact of a truck going 45 m.p.h. against a human body compressed against a stationary vehicle would cause death. Even if Eason's opinion were an unsupported conclusion, there was other evidence to support it and therefore no harm has been shown. *Doughty*, supra. As to the doctrine of harmless error in criminal cases, see *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869) (1976).

3. Defendant alleges error in the court's failure to charge, sua sponte, on independent intervening criminal acts.

Defendant filed 37 Requests to Charge, none of which contained this principle. At the conclusion of the charge, the court asked if defendant had objections and two were made, neither of which was the one now raised for the first time. Any such objection has been waived, *Allen v. State*, 177 Ga. App. 600, 603 (340 SE2d 246) (1986), inasmuch as failure to so charge was not error under OCGA § 5-5-24 (c). *Billingsley v. State*, 183 Ga. App. 850, 853 (5) (360 SE2d 451) (1987).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 28, 1989.

Hyatt Legal Services, Steven Harrell, for appellant.
Ralph T. Bowden, Solicitor, Judith C. Emken, N. Jackson Cotney, Jr., Assistant Solicitors, for appellee.

