A97A0469. DAWSON et al. v. FULTON-DeKALB HOSPITAL AUTHORITY.
(511 SE2d 199)

JOHNSON, Chief Judge.

1. The Supreme Court granted two certioraris from our single opinion in this case. In the first appeal, *Fulton-DeKalb Hosp. Auth. v. Dawson*, 270 Ga. 376 (509 SE2d 28) (1998), the Supreme Court reversed our decision as to Fulton-DeKalb Hospital Authority. In the second appeal, *Ga. Med. Care Foundation v. Dawson*, Case No. S97G1956, the Supreme Court affirmed our decision as to Georgia Medical Care Foundation. We hereby vacate *Dawson v. Fulton DeKalb Hospital Auth.*, 227 Ga. App. 715 (490 SE2d 142) (1997), and the judgment of the Supreme Court is made the judgment of this Court.

2. In Dawson's initial appeal to this Court, she contended the trial court erred in granting summary judgment to the Georgia Medical Care Foundation and Dr. White; in admitting evidence at trial tending to show she was negligent in caring for her son; and in denying her motion for new trial, made on the ground the verdict was inadequate. Our initial opinion addressed her first two enumerations of error, then stated, "[b]ecause the evidentiary issue is dispositive,

---

we need not reach Dawson's allegation the trial court erred in failing to set aside the verdict as inadequate." *Dawson*, 227 Ga. App. at 722 (2). Based on the Supreme Court's opinion, which reversed our decision regarding the evidentiary issue, we now need to address the merits of Dawson's claim regarding her motion for new trial.

We note at the outset that although the trial court ruled on Dawson's motion for new trial prior to our Supreme Court's recent decision in *Robinson v. Star Gas of Hawkinsville*, 269 Ga. 102 (498 SE2d 524) (1998), concerning grants of new trials based on inadequacy of the verdicts in comparative negligence cases, "appellate courts must apply the law as it exists at the time of the appellate court's judgment, even though doing so might change the judgment of the trial court which was correct at the time it was rendered. [Cit.]" *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679 (1) (498 SE2d 748) (1998). Since we have not yet ruled on the merits of Dawson's allegation regarding her motion for new trial, *Robinson* applies to the present case.

The record shows that the trial court believed the verdict was inadequate, yet denied Dawson's motion for new trial. According to the trial judge, "I think this verdict is inadequate. I think it's very inadequate, but when you talk about comparative negligence, that's where my problem comes." In her order on the motion for new trial, the trial judge stated as follows: "This case appears to be one in which the jury verdict was inadequate." The trial judge further noted in a footnote that she personally disagreed that the jury's verdict should represent the value of the life of the child. However, the trial judge denied Dawson's motion for new trial, citing *Kirkland v. Williams*, 172 Ga. App. 595 (323 SE2d 891) (1984). *Kirkland*, which was effectively overruled by *Robinson*, held that when a case involved comparative negligence, the verdict of the jury could not be set aside on the ground that the amount of the damages awarded was inadequate. Id. at 596 (2).

*Robinson* makes it clear that a jury verdict in a comparative negligence case may be reviewed by the trial court and that a new trial may be awarded under OCGA § 51-12-12 (b) "[i]f the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence." The trial court did not have the opportunity to rule on Dawson's motion for new trial under this standard, and we cannot ascertain from the trial court's order whether its decision was colored by the old comparative negligence case rule delineated in *Kirkland*. Accordingly, since the trial judge attended the trial and heard all the evidence, we believe it is prudent to let the trial judge reconsider her ruling on Dawson's motion for new trial in light of *Robinson*. We therefore remand this case for the trial court to reconsider whether the jury's verdict was

inadequate under the new standard announced in *Robinson.*

*Judgment affirmed in part and reversed in part and case remanded. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 26, 1999.

*Toliver & Gainer, Alvin L. Toliver, Joseph H. King, Jr., James A. Shea, Jr.,* for appellants.

*Alston & Bird, James C. Grant, Robert D. McCallum, Jr., Candace N. Smith,* for appellee.