A99A1579. MOBLEY v. BENT TREE COMMUNITY, INC.
(523 SE2d 69)

MILLER, Judge.
  After John Mobley bought land in the Bent Tree Community, the community's board filed an amendment to its restrictive covenants to require a minimum of 1,250 square feet for newly built homes. Before the court clerk recorded the amendment, Mobley submitted an application to the community's architectural committee to build a 900-square-foot home. Several days after the amendment was recorded, the committee disapproved Mobley's application for failure to comply with the 1,250-square-foot minimum. He appealed to the Bent Tree board, arguing that his submitting the application before the court clerk had recorded the amendment precluded the committee from applying the new square footage requirement to his application. The board agreed with the committee and rejected Mobley's appeal. He filed a breach of contract action with the superior court. The court granted summary judgment for Bent Tree. Holding that the amendment's status on the committee's decision date, not on the application submission date, controls, we affirm.
  Citing OCGA § 44-2-2 (b) (filing date controls as to deeds, mortgages, and liens), the trial court ruled that the amendment was effective as of the date it was filed. But under the Georgia Property Owners' Association Act,[1] any amendment to a declaration of restrictions becomes effective only when recorded.[2] Therefore, November 4 controls as the effective date of the amendment.
  Though Mobley submitted his application before November 4,

---

[1] OCGA § 44-3-220 et seq.
[2] OCGA § 44-3-226 (d).

the architectural committee could apply a restrictive covenant criterion that was in effect on the date of its decision (November 13). The amendment plainly states that the 1,250-square-foot requirement applies to all applications except those for "dwellings *approved for construction* by the [architectural committee] or constructed prior to the date of recording of this Agreement. . . ." (Emphasis supplied.) Since the committee did not approve Mobley's application before the recording date of November 4, the amendment authorized the committee to deny his application under the new criterion.[3]

The trial court did not err in granting summary judgment to Bent Tree.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 1, 1999.

*McGee & Oxford, James B. Crew, Jr.,* for appellant.
*Weissman, Nowack, Curry & Wilco, Derek W. Johanson,* for appellee.

---

[3] Compare *Dawson v. Fulton-DeKalb Hosp. Auth.*, 236 Ga. App. 96 (2) (511 SE2d 199) (1999); *Thomas v. Firestone Tire &c. Co.*, 139 Ga. App. 40, 41-42 (2) (227 SE2d 870) (1976).