[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 02, 2011
JOHN LEY
CLERK

No. 11-10278
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00384-WTH-KRS

DOUGLAS E. NALLS,
Sui Juris,

Plaintiff-Appellant,

versus

COLEMAN LOW FEDERAL INSTITUTION,
Unknown Correctional Officer, Unknown
Medical Officers, Warden and Administrative
Personnel, BUREAU OF PRISONS, UNKNOWN PARTIES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 2, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Douglas E. Nalls, proceeding *pro se*, appeals the district court's dismissal without prejudice of his complaint alleging various constitutional violations pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as well as its earlier orders denying his requests for recusal, transferring his case to another district, and denying his motions for summary judgment and default judgment. We affirm.

First, we find that the district court did not abuse its discretion in dismissing as moot Nalls' requests for recusal. Nalls sought recusal only as an alternative to his primary request for reconsideration. When Judge Seitz granted him reconsideration, she appropriately dismissed his request for recusal as moot, and he did not formally renew this request. We briefly note that, even if not moot, Nalls would not be entitled to relief because he failed to establish a sufficient basis for recusal. *See Christo v. Padgett*, 223 F.3d 1324, 1333-34 (11th Cir. 2000).[1]

Second, to the extent Nalls contests the district court's *sua sponte* transfer of his case from the Southern District of Florida to the Middle District of Florida, we also determine that the district court did not abuse its discretion. As a general matter, cases arising under federal law may be brought only in a district where:

---

[1] To the extent Nalls raises a similar challenge against Judge Hodges, we find he has waived this issue by failing to raise it before the district court. *See Miller v. King*, 449 F.3d 1149, 1150 n.1 (11th Cir. 2006).

2

(1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim took place, or (3) the defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice. *See* 28 U.S.C. § 1404(a); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district). Before proceeding, the court should provide the parties with notice and an opportunity to be heard. *Tazoe*, 631 F.3d at 1336.

Here, when the district court transferred the case, the only remaining defendants were unknown staff of the Coleman Federal Correctional Complex (FCC Coleman), which is located in the Middle District of Florida. Nalls has alleged that the relevant events occurred at Coleman and it appears that the remaining defendants are located there. Nalls has failed to show a connection between any defendant and the Southern District of Florida. As such, the Southern District's *sua sponte* review and transfer of venue was statutorily appropriate. Nalls was given an opportunity to voice his objections to a transfer,

3

which the district court considered and rejected. Moreover, the defendants, who appeared through the government solely to contest their status as proper parties to this case, did not waive venue. Accordingly, we hold that the district court did not abuse its discretion in transferring venue to the Middle District of Florida.

Finally, we affirm the district court's dismissal of Nalls' complaint without prejudice because Nalls failed to timely serve process on the defendants and has not offered good cause for this failure. "Service of process is a jurisdictional requirement:" a court lacks personal jurisdiction over a party that has not been served. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). To serve an officer or employee of the United States sued in his individual capacity for acts occurring in connection with performance of official duties, a party must serve both the United States and the officer or employee by a proper method. *See* Fed. R. Civ. P. 4(i)(3), *cross-referencing* Fed.R.Civ.P. 4(e). If service is not perfected within 120 days after the complaint is filed, the district court–upon motion or *sua sponte*–must dismiss without prejudice the action against the unserved party, or extend the time period upon a showing of "good cause." Fed.R.Civ.P. 4(m).

Nalls first filed his complaint against the unknown defendants on January 2, 2008. On April 21, 2008, he filed a "Notice Identifying 'Unknown Defendants'"

4

stating that some of the unknown defendants had been identified from discovered records. The notice listed 18 corrections officers, medical staff, and administrative personnel whom Nalls claimed were the unknown defendants. When the district court entered its order of dismissal, more than two and half years had passed since Nalls identified the unnamed defendants and nearly three years had passed since he filed his complaint. In both the Southern District and Middle District, Nalls resisted efforts from the district court to have him amend his complaint to name the individual defendants and to serve process upon them. Nalls' failure to serve process in a timely fashion warranted dismissal pursuant to Fed. R. Civ. P. 4(m).

Nalls nonetheless argues that dismissal was inappropriate because identification of the defendants is not required in an action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This Court has acknowledged that a plaintiff may bring claims against an unnamed defendant under certain circumstances, such as when the plaintiff lacks sufficient information about the defendant's identity at the time of filing the complaint but would be able to obtain such information through discovery. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Brown v. Sikes*, 2112 F.3d 1205, 1209 n.4 (11th Cir. 2000) (noting that "[a]ppellate courts have acknowledged the difficulties faced by a prisoner in identifying wrongdoers before

filing a complaint"). However, neither this Court's decisions nor *Bivens* support Nalls' claim that he may proceed *indefinitely* against unnamed defendants without serving them or providing good cause for his failure to do so. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390 n.2 (1971) (noting that the defendants had been served before the district court).

By failing to properly or timely serve any of the remaining defendants, there were no defendants over which the district court could exercise jurisdiction, which not only rendered it inappropriate to grant any final judgment in Nalls's favor, but also required dismissal of his case. Accordingly, we affirm.

**AFFIRMED.**