Deborah MANLEY, Individually and as Administratrix of the Estate of Mindy Ann Manley, et al., Plaintiffs,

v.

**FORD MOTOR COMPANY, et al., Defendants.**

Civil Action No. 3:13–cv–183–TCB.

United States District Court, N.D. Georgia, Newnan Division.

Signed May 1, 2014.

---

Larry Keith Evans, Evans & Evans, Griffin, GA, for Plaintiffs.

David Ashcraft Terry, Michael R. Boorman, Huff, Powell & Bailey, LLC, Atlanta, GA, Charles D. Jones, Beck Owen & Murray, Griffin, GA, Reed Thomas Warburton, Bradley Arant Boult Cummings, LLP, Birmingham, AL, David Dunaway, Office of David B. Dunaway, Thomaston, GA, for Defendants.

### *ORDER*

TIMOTHY C. BATTEN, SR., District Judge.

Before the Court are several related motions: the motions of Defendant RSP Corporation (d/b/a National Brake and Muffler) to dismiss for failure to state a claim [8] and to remand to state court [13]; and Plaintiffs' motion to remand to state court [15].

## I. Background

On September 3, 2012, Mindy Manley was in Lowndes County, Georgia, headed northbound on Interstate 75 in a 2001 Ford Explorer Sport. She had three passengers. In the front passenger seat was Chandler Dobson–Manley. Seated in the rear seat was Deborah Manley, the owner of the Explorer, and Brian Manley.

Around 3:15 p.m., and while traveling about a mile south of Lake Park Bellville Road, Mindy Manley lost control of the Explorer and crashed. Before the vehicle came to a stop, it rolled over. And despite wearing their seat belts, each occupant sustained injuries in the crash. For Mindy Manley these injuries were fatal.

According to Plaintiffs, Mindy Manley lost control of the Explorer because the right rear tire failed without warning. That tire was designed by Defendant Cooper Tire and Rubber Company and had been inspected and certified as "OK" by Defendant National Brake eighteen months before the accident.

On September 20, 2013, Plaintiffs filed this action in the State Court of Spalding County, Georgia against Ford Motor Company, Cooper Tire, and National Brake. Plaintiffs assert causes of action for products liability, negligence and breach of warranty against Ford and Cooper Tire. Plaintiffs assert a cause of action for negligence against National Brake based on its inspection of the right rear tire nearly 22,000 miles and eighteen months before the fatal crash.

Defendants timely removed this action to this Court on the basis of diversity jurisdiction. For purposes of diversity jurisdiction, Cooper Tire is a citizen of Delaware (place of incorporation) and Ohio (principal place of business), and Ford is a citizen of Delaware (place of incorporation) and Michigan (principal place of business). National Brake is a citizen of Georgia (place of incorporation and principal place of business), but Cooper Tire and Ford argue that its citizenship should be ignored

because it was fraudulently joined to defeat diversity.

Before the notice of removal, National Brake moved to dismiss the negligence claim against it; following removal, it supplemented this state-court motion with a brief, as required by Local Rule 7.2A. That same day, it moved in the alternative to remand this case to state court. Subsequently, Plaintiffs also moved to remand.

## II. Discussion

Because the motions to remand challenge the Court's subject-matter jurisdiction, they must be considered first.

### A. Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. Congress has granted federal district courts original subject-matter jurisdiction over only two types of civil actions: those that "aris[e] under the Constitution, laws, or treaties of the United States"—federal-question jurisdiction, 28 U.S.C. § 1331; and those that involve an amount in controversy in excess of $75,000 and that are "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens"—diversity jurisdiction, *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (citing 28 U.S.C. § 1332).

 When, as here, the purported statutory basis for federal jurisdiction is § 1332(a)(1)—a civil action satisfying the amount-in-controversy requirement and between "citizens of different States"—there must be "complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Except where Congress has granted federal courts exclusive

jurisdiction, plaintiffs are the " 'master of the complaint' and are 'free to avoid federal jurisdiction' by structuring their case to fall short of a requirement of federal jurisdiction." *Scimone v. Carnival Corp.,* 720 F.3d 876, 882 (11th Cir.2013) (internal citation omitted). One way that they may do so is by properly joining a diversity-destroying defendant.

Plaintiffs, citizens of Georgia, attempt to do precisely that. In addition to asserting state-law claims against diverse Defendants Ford and Cooper Tire, they assert a state-law negligence claim against Defendant National Brake, a Georgia citizen for diversity purposes. *See* 28 U.S.C. § 1332(c). So long as its joinder is not fraudulent, this Court lacks subject-matter jurisdiction and must remand this action to state court. *See id.* §§ 1441(b), 1447(c); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

### B. The Right to Remove to Federal Court

 Congress has granted defendants the right to remove an action from state to federal court so long as the district court would have had original subject-matter jurisdiction if the action had been initially filed in federal court. 28 U.S.C. § 1441(a). Removal based on diversity jurisdiction is possible "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). While defendants have a right to remove, plaintiffs remain the master of the complaint, and the removal statutes do not obviate their right to choose the forum. Indeed, the Eleventh Circuit has made clear that these rights are "not on equal footing." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). As a result, the "removal stat-

utes are construed narrowly; [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

The strict construction of removal statutes and a judicial policy that favors remand in marginal cases has undoubtedly denied some defendants their statutory right to remove. Though not optimal, this outcome is better than the alternative: the nondiverse defendant is dismissed as fraudulently joined; the case proceeds to final judgment; the losing party appeals; and the circuit holds that the judgment was improper because the district court lacked subject-matter jurisdiction. Such a result is costly "for all the parties and for society when the case must be relitigated." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997).

At the same time, district courts play an important role in protecting defendants' right to remove. This is because an order remanding a case for a lack of subject-matter jurisdiction is not subject to appellate review. 28 U.S.C. § 1447(d); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.,* 561 F.3d 1294, 1296 (11th Cir.2009). Indeed, one leading treatise has explained:

> "[T]he Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction."

14 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3641, at 173 (3d ed.1998) (alteration in original) (quoting *Wecker v. Nat'l Enameling & Stamping Co.,* 204 U.S. 176, 186, 27 S.Ct. 184, 51 L.Ed. 430 (1907)), *quoted in Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc).

**C. Fraudulent Joinder**

To be sure, plaintiffs are the master of the complaint: they choose whether to pursue their claims in state or federal court. And if they choose a state forum, they may structure their case to avoid removal. But their right to avoid federal jurisdiction is subject to a caveat: the method of avoidance cannot be fraudulent. *Scimone,* 720 F.3d at 882; *see also Parks v. N.Y. Times Co.,* 308 F.2d 474, 478 (5th Cir.1962) ("[A]bsent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination.").

In the notice of removal, Cooper Tire (joined by Ford) seeks to invoke this Court's diversity jurisdiction under § 1332(a)(1). In their motion to remand, Plaintiffs argue that the presence of National Brake destroys complete diversity, thus mandating remand to state court.[1] *See* 28 U.S.C. §§ 1441(b), 1447(c); *Caterpillar,* 519 U.S. at 68, 117 S.Ct. 467. Cooper Tire and Ford dispute that remand is necessary because, in their view, National Brake's citizenship should be ignored under the doctrine of fraudulent joinder.

Fraudulent joinder[2] is "a judicially created doctrine that provides an excep-

---

**1.** Plaintiffs do not contend that the amount-in-controversy requirement is not satisfied, even though the state-court complaint does not specify the amount of damages that they seek. Given the nature of their claims, "judicial experience and common sense" dictate that the amount-in-controversy requirement is

satisfied. *See Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1064 (11th Cir.2010).

**2.** "As many courts have noted, the term 'fraudulent joinder' is a bit of a misnomer—the doctrine requires neither fraud nor joinder." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 763 n. 9 (7th Cir.2009). In-

tion to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). It exists when a defendant has been named solely to defeat diversity jurisdiction. In such cases "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir.2006).

▇▇▇ Before a court can deny a motion to remand, the removing party must shoulder the heavy burden of proving by clear and convincing evidence that the resident defendant was fraudulently joined. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir.2011). Fraudulent joinder has been found in two types of cases: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287 (internal citation omitted).

▇▇▇ In this circuit, district courts determine whether fraudulent joinder exists "based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir.1998). And courts must consider "the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law" in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333 (quoting *Crowe*, 113 F.3d at 1538). Remand is required so long as the plaintiff has even "an arguable claim," *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298–

99 (11th Cir.2007)—that is, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint," *id.* at 1299. And federal courts are to evaluate the allegations in the complaint under the pleading standards of the forum state. *Stillwell*, 663 F.3d at 1334.

### D. Plaintiffs' Claim Against National Brake

Plaintiffs assert against National Brake a claim for negligent inspection or repair of the Explorer's tire. They allege that (1) National Brake inspected the Explorer's tires, indicated that they were "OK," and returned the vehicle to the owner without any warning of a problem with the tires over eighteen months before the fatal crash; (2) National Brake was negligent in doing so; and (3) National Brake's conduct was "a proximate and producing cause of the accident, injuries, and damages suffered by the Plaintiffs." They also claim that the tires were in an unsafe condition at the time of inspection.

▇▇▇ Georgia has long recognized a cause of action for negligent inspection. *See Huggins v. Aetna Cas. & Sur. Co.*, 245 Ga. 248, 264 S.E.2d 191, 192 (1980) (adopting RESTATEMENT (SECOND) OF TORTS § 324A (1965) as Georgia law). In short, the essential elements of negligent inspection are the same as general negligence: the existence of a legal duty; breach of that duty; damages; and a causal connection between the defendant's conduct and the plaintiff's injury. *See Wilcher v. Redding Swainsboro Ford Lincoln Mercury, Inc.*, 321 Ga.App. 563, 743 S.E.2d 27, 30 (2013) (sitting as a whole court) (applying the

---

deed, the Fifth Circuit prefers the term "improper joinder" because it is more consistent with the statutory language, though its meaning is substantively identical to "fraudulent

joinder." *Smallwood*, 385 F.3d at 571 n. 1. Even so, this Order uses *fraudulent joinder* as a term of art.

general standard to plaintiffs' claim that defendant was negligent in failing to discover an observable defect during its inspection of a vehicle).

Before defendants can be held liable for their negligence, proximate cause must exist. A finding of proximate cause involves a mixed question of law and fact. *Atlanta Obstetrics & Gynecology Grp., P.A. v. Coleman,* 260 Ga. 569, 398 S.E.2d 16, 17 (1990). "It requires both fact-finding in the 'what happened' sense, and an evaluation of whether the facts measure up to the legal standard set by precedent." *Id.* Thus, whether proximate cause exists is generally a question for a jury. *McAuley v. Wills,* 251 Ga. 3, 303 S.E.2d 258, 260–61 (1983). But not always.

Some cases are so plain that proximate cause may be found lacking as a matter of law. *Id.* Georgia courts may decide the issue of proximate cause so long as "reasonable persons could not differ as to both the relevant facts and the evaluative application of legal standards (such as the legal concept of 'foreseeability') to the facts." *Atlanta Obstetrics & Gynecology Grp.,* 398 S.E.2d at 17. In other words, "where the jury can draw but one reasonable conclusion, the issue [of proximate cause] is plain, palpable, and undisputed and should be ruled upon as a matter of law." *W. Stone & Metal Corp. v. Jones,* 180 Ga.App. 79, 348 S.E.2d 478, 480 (1986).

"In such plain cases, the inquiry is whether the causal connection between the defendant's conduct and the injury is too remote for the law to countenance a recovery." *Thomas v. Food Lion, LLC,* 256 Ga.App. 880, 570 S.E.2d 18, 21 (2002). And the plaintiff's damages are "too remote to be the basis of

recovery" at least where "other contingent circumstances preponderate in causing the injury." O.C.G.A. § 51–12–8. "Without factual evidence of a causal connection between the alleged breach of duty and the purported damages, the damages must be considered whimsical, fanciful and above all too speculative to form the basis of recovery under O.C.G.A. § 51–12–8." *Russaw v. Martin,* 221 Ga.App. 683, 472 S.E.2d 508, 511 (1996) (internal citation omitted).

### E. Analysis

Cooper Tire (in the notice of removal) and Ford (in opposition to Plaintiffs' motion to remand) argue that National Brake was fraudulently joined. In their view, the eighteen months and almost 22,000 miles that separate the inspection of the tire from the fatal crash render any negligence on National Brake's part too remote to support a finding of liability under Georgia law. In other words, Plaintiffs have no possibility of recovery against National Brake because proximate cause is absent as a matter of law.

Plaintiffs do not address this argument. Instead, they emphasize that the complaint provides National Brake fair notice of the nature of the claim, which in their view is all that is needed to survive a motion to dismiss for failure to state a claim under Georgia law.[3] Remand is required, they contend, as long as it is "even a *possibility* that a state court would find that the complaint states a cause of action against the resident defendant." And such a possibility exists here, they claim, because the complaint asserts a recognized cause of action under Georgia law against National Brake.

---

**3.** To be clear, Cooper Tire raised the proximate-cause issue in its notice of removal, and Ford raised the same issue in opposition to Plaintiffs' motion to remand. Plaintiffs, however, did not reply to Ford's opposition brief.

To the extent that Plaintiffs argue that *Stillwell* requires this Court's fraudulent-joinder analysis to be the same as a Georgia court's analysis of a motion to dismiss for failure to state a claim, they are mistaken. For instance, the fraudulent-joinder analysis may include materials other than those attached to the complaint, such as affidavits and deposition transcripts, *Pacheco de Perez*, 139 F.3d at 1380, whereas in analyzing a motion to dismiss for failure to state a claim, Georgia courts cannot consider such materials. Should they wish to do so, they must first convert the motion to dismiss into one for summary judgment and then afford all parties a reasonable opportunity to present any evidence pertinent to that motion. O.C.G.A. § 9–11–12(b).

*Stillwell* does, however, instruct federal courts to use the state rather than federal pleading standards. 663 F.3d at 1334. But read in context, *Stillwell's* teaching is that district courts should not disregard allegations in the complaint just because they do not comply with the federal pleading standards under *Twombly* and *Iqbal.* This is reasonable because the relevant question for fraudulent-joinder purposes is whether the plaintiff has an arguable basis for holding the resident defendant liable under state, not federal, law.

The asymmetry between the fraudulent-joinder analysis and the analysis of a motion to dismiss for failure to state a claim is not an anomaly. Instead, it is the natural consequence of focusing on whether state law affords the plaintiff a possibility of recovery against the resident defendant while allowing defendants to introduce evidence to prove fraudulent joinder. The no-possibility-of-recovery standard originated over fifty years ago when the former

Fifth Circuit held that "there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard." *Parks*, 308 F.2d at 478. After *Parks* both the former Fifth Circuit and the Eleventh Circuit have reiterated the importance of a possibility of recovery. For example, many decisions hold that the removing party may succeed by showing that "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983)); *see, e.g., Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979) ("If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal.").

 At the same time, federal courts have very limited authority to examine the merits of the plaintiff's claims. "In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe*, 113 F.3d at 1542. And to prevail on a motion to remand, "the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by th[e] in-state defendant." *Id.* at 1541. Nor is a resident defendant fraudulently joined just because the plaintiff's negligence claim may ultimately fail for lack of proximate cause. *Pacheco de Perez*, 139 F.3d at 1380.[4]

**4.** *Pacheco de Perez* does not prevent the Court from finding that National Brake was fraudulently joined, however. Unlike in that case, the proximate-cause issue here is plain and thus may be determined as a matter of law.

Indeed, a district court's ability to examine the merits of a claim is determined in large part by the plaintiff. For purposes of determining removal jurisdiction, "the critical time is the date of removal." *Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir.2002). This rule, combined with the procedural rules governing removal, affords the plaintiff considerable control over the evidence that can be presented to establish fraudulent joinder. Consider:

a defendant must remove a case within thirty days of receiving (whether by service or otherwise) a copy of the initial pleading, 28 U.S.C. § 1446(1), 2(B);

when, as here, a case involves multiple defendants, all properly joined and served defendants must join in or consent to removal, § 1446(b)(2)(A);

if defendants are served at different times, the later-served defendant has thirty days to remove, and the earlier-served defendant may join in that removal even if his removal window has closed, § 1446(b)(2)(C); and

if the case does not become removable until the plaintiff files an amended pleading, the thirty-day window opens upon receipt of a copy of that amended pleading, § 1446(3), yet this rule has been cabined for cases where federal jurisdiction is premised on diversity: unless the plaintiff acts in bad faith, removal in such cases is foreclosed one year after the case commences, § 1446(c)(1).

Thus, a defendant's opportunity to unearth evidence of fraudulent joinder is directly related to how the plaintiff fashions his initial complaint and how quickly he effects service. The plaintiff also determines when to file a motion to remand, which in turn sets the timetable for any opposition to that motion.

In short, the removal statutes reward vigilant plaintiffs. Well-crafted complaints and timely service ensure that only the most obvious facts not contained in the complaint will come to light. And where some set of easily ascertainable facts establishes that the plaintiff's claim against the resident defendant fails as a matter of law, district courts should find the joinder of that defendant fraudulent, thereby protecting the right of removal.

 At bottom, a district court's analysis of fraudulent joinder is similar to a Georgia court's analysis of a motion for judgment on the pleadings. For example, district courts are not bound by the allegations in the complaint but can consider outside materials. *Pacheco de Perez,* 139 F.3d at 1380. Similarly, Georgia courts are free to consider exhibits incorporated into the pleadings. *Printis v. Bankers Life Ins. Co.,* 256 Ga.App. 266, 568 S.E.2d 85, 86 (2002). District courts should retain jurisdiction only if the evidence establishes that the plaintiff cannot prove a cause of action against the resident defendant. *Triggs,* 154 F.3d at 1287. Likewise, Georgia courts can grant judgment on the pleadings only where the pleadings reveal that "there is a complete failure by the plaintiff to state a cause of action." *Printis,* 568 S.E.2d at 86. In both proceedings, the plaintiff's factual allegations are treated as true, and any uncertainty about state law is resolved in the plaintiff's favor; however, legal conclusions couched as factual allegations need not be accepted as true. *See Stillwell,* 663 F.3d at 1333–34; *Novare Grp., Inc. v. Sarif,* 290 Ga. 186, 718 S.E.2d 304, 309 (2011).

 In this case, the sufficiency of Plaintiffs' negligent-inspection claim must be viewed in light of the undisputed evidence that the Explorer traveled almost 22,000 miles during the eighteen months between the inspection and the crash. Al-

though the complaint alleges that National Brake's negligent inspection was a proximate cause of the crash, this is a legal conclusion and thus need not be accepted as true. The question then is whether there is some set of provable facts that might establish proximate cause given the time elapsed and distanced traveled.

Plaintiffs posit none. And the Court is unable to conceive of any. Even if National Brake negligently inspected the tire—which is assumed for purposes of this ruling—no reasonable jury could find National Brake liable for an accident that happened eighteen months and almost 22,000 miles later. *See Russaw*, 472 S.E.2d at 511 ("Without factual evidence of a causal connection between the alleged breach of duty and the purported damages, the damages must be considered whimsical, fanciful and above all too speculative to form the basis of recovery under O.C.G.A. § 51–12–8." (internal citation omitted)). As a result, "the issue [of proximate cause] is plain, palpable, and undisputed and should be ruled upon as a matter of law." *W. Stone & Metal Corp.*, 348 S.E.2d at 480.

Plaintiffs do not have an arguable claim for negligent inspection. Accordingly, National Brake has been fraudulently joined. Once its citizenship is ignored, diversity jurisdiction exists, and removal was thus proper. Having been fraudulently joined, National Brake will be dropped as a party to this action.[5]

### F. Proper Venue

■ The Eleventh Circuit has recognized that district courts may sua sponte "transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and the witnesses and serve the interest of justice." *Nalls v. Coleman Low Fed. Inst.*, 440 Fed.Appx. 704, 706 (11th Cir. 2011) (citing 28 U.S.C. § 1404(a); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir.2011)). Before doing so, however, the parties will be given notice and an opportunity to be heard. *See Tazoe*, 631 F.3d at 1336.

Because a substantial portion of the events giving rise to Plaintiffs' claims against Cooper Tire and Ford took place in the Southern District of Georgia, the parties will be required to show cause why this case should not be transferred to that court.

### III. Conclusion

Defendant National Brake has been fraudulently joined. The Clerk is directed to DROP National Brake as a party to this action. Accordingly, Plaintiffs' motion to remand to state court [15] is DENIED. National Brake's motions to dismiss [8] and to remand to state court [13] are DENIED AS MOOT.

Additionally, the parties are ORDERED TO SHOW CAUSE IN WRITING, on or before May 15, 2014, why this case should not be transferred to the appropriate division of the Southern District of Georgia.

---

**5.** Because Cooper Tire and Ford's argument regarding proximate causation establishes that National Brake has been fraudulently joined, their other arguments on the fraudulent-joinder issue need not be considered.